IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
APR 18 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ABDUL-AZIZ RASHID MUHAMMAD, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:15CV762-HEH
)
KATHERINE LAYBOURN, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Denying Request to Proceed *in Forma Pauperis* and Dismissing Action)

Abdul-Aziz Rashid Muhammad, a federal inmate, submitted this action and requested leave to proceed *in forma pauperis*. Muhammad also filed an accompanying document entitled "Plaintiff[']s Motion Pursuant to 28 U.S.C. § 1915 (g) 'Under Imminent Danger of Serious Physical Injury' in Support of Plaintiff's Motion to Proceed *In Forma Pauperis* Under the Exception to the Three Strikes Rule" ("Three Strikes Motion," ECF No. 2 (capitalization corrected and emphasis added)) that suggested to the Court that Muhammad has three strikes under the Prison Litigation Reform Act. The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In light of Muhammad's admission that he has three strikes, by Memorandum Order entered on January 15, 2016, the Court directed Muhammad to complete and return the *in forma pauperis* affidavit. Muhammad was also directed to identify each prior action or appeal that was dismissed as frivolous or for failure to state a claim.[1]

Moreover, in an effort to get around the bar of 28 U.S.C. § 1915(g), Muhammad suggested that he is

> under imminent danger of serious physical injury . . . because the Defendants(s) have ignored, for years, [his] serious medical condition(s), which if not treated immediately, will unequivocally lead to further and future danger of not only physical and irreparable injury to Plaintiff's liver which is infected with chronic Hepatitis C (Hep-C), with fibrosis on the portal tracts, chronic, unremitting pain and irreparable damage to [his] Lumbar and Cervical Spine due to Degenerative Disc Disease (DDD), congenital stenosis, multi-level DDD, multi-focal stenosis, chronic rotator cuff tear, Peripheral Vascular/Artery Disease, but in regards to liver disease could cause death, with Spine disease, Plaintiff is at risk for paralysis, emotional distress and constant pain.

(Three Strikes Mot. 1–2 (internal quotation marks omitted).) Muhammad's submissions indicated that he has suffered from these many health conditions for a lengthy period of time and that he is not "under *imminent danger* of serious physical injury," 28 U.S.C. § 1915(g) (emphasis added), from these chronic conditions. Muhammad's submissions also demonstrated that he has received extensive medical care for these conditions through the years. Accordingly, the Court directed Muhammad to identify each prior action that he filed from 1990 to the present challenging his medical care for the above-

---

[1] *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("[N]othing in our analysis of dismissals for failure to state a claim suggests that dismissals for frivolousness should be exempted from § 1915(g)'s strike designation, even when the dismissal is rendered without prejudice.").

listed medical conditions, identify the court in which each action was filed, and provide a brief summary of the ruling in each action. Muhammad complied with the Court's directives. However, for the many reasons stated below, the Court will deny Muhammad's request to proceed *in forma pauperis* and will dismiss the action without prejudice.

Muhammad has demonstrated a lack of candor to the Court about his prior and current actions in which he challenged his medical care for the conditions he lists in the instant action.[2] The Court directed Muhammad to identify each prior action that he filed from 1990 to the present challenging his medical care for the above-listed conditions. Muhammad has not done so. For example, after conducting a merely cursory review of the cases Muhammad identified in his Response to the Court's January 15, 2016 Memorandum Order ("Response," ECF No. 10), the Court notes that Muhammad omitted any reference to a case he filed on October 27, 2003, in the Northern District of West Virginia, in which he argued "that he had not received adequate medical treatment for his Hepatitis C illness and fibrosis of the liver," *Muhammad v. Lappin*, No. 2:07CV18, 2009 WL 3063310, at *2–3 (N.D. W. Va. Sept. 23, 2009) (citing *Muhammad v. Bunts*, 1:03CV228 (N.D. W. Va. Oct. 2003)), a knee condition, "a pre-existing back condition (a

---

[2] Muhammad's previous filings in this Court also demonstrate Muhammad's history of abusive, repetitive filings and his lack of candor with the Court. Muhammad filed two nearly identical 28 U.S.C. § 2241 petitions in 2014 challenging his 1990 convictions. The Court dismissed the first § 2241 petition as an abuse of the writ and for lack of factual merit. *Muhammad v. Oliver*, No. 3:14CV72–HEH, 2014 WL 1050621, at *2 n.5 (E.D. Va. Mar. 14, 2014). Wholly undeterred by this Court's finding that Muhammad's allegations were factually false and that he demonstrated a history of abusing the writ, Muhammad filed a second § 2241 petition within a matter of months. *Muhammad v. Wilson*, No. 3:14CV387–HEH, 2014 WL 4072250, at *1-2 (E.D. Va. Aug. 15, 2014).

3

degenerated disk at L3 and L4/5)," and a rib injury. *See Muhammad*, No. 1:03CV228, at 4 (N.D. W. Va. Jan 10, 2005) (ECF No. 28); *see also Muhammad*, No. 1:03CV228, 2006 WL 2382264, at *1 (N.D. W. Va. Aug. 17, 2006).[3]

Moreover, it appears that Muhammad has been filing lawsuits since 2001 about the allegedly "imminent" danger he faced from his Hepatitis C and his fear of developing related conditions, including cirrhosis of the liver, if various medical staff denied him a biopsy of his liver and ultrasound. *Muhammad*, 2009 WL 3063310, at *7–8. In 2003, if not earlier, Muhammad began to complain about back and rib pain caused from his Hepatitis C. *Id.* at *8. The Court's review of Muhammad's submissions demonstrates that he has received extensive care for his various medical conditions through the years. *See, e.g., Muhammad v. United States*, No. 5:11–3126–FL, 2012 WL 3957473, *4–7 (E.D.N.C. Sept. 10, 2012) (alterations in original) (summarizing treatment Muhammad received for his designation "as a chronic care patient due to his diagnoses of 'hepatitis C, [peripheral vascular disease ("PVD")], high blood pressure, obstructive sleep apnea, esophageal reflux, and left anterior fascicular block, and kidney disorder'"); *Muhammad v. United States*, No. 07–68–GFVT, 2009 WL 3161475, at *4–6 (E.D. Ky. Sept. 25, 2009) (finding Muhammad received adequate medical care for his Hepatitis C in 2005

---

[3] Muhammad currently has pending litigation in the United States District Court for the Middle District of Pennsylvania, where the Court initially granted him *in forma pauperis* status, however, later granted the Government's motion for reconsideration upon recognizing that he "was indeed barred from proceeding *in forma pauperis* under the "three strikes' rule . . . ." *Muhammad v. United States*, No. 3:13–CV–02127, 2015 WL 5785566, at *2 (M.D. Pa. Aug. 24, 2015). In that action, Muhammad complains about the provision of improper medical care from 1990 to 2013 for a Human Papillomavirus ("HPV") infection that he contracted in 1990. *See id.* at *1.

and 2006); *Muhammad*, 2009 WL 3063310, at *7–14 (summarizing the extensive amount of medical care Muhammad received between 2001 and 2004 and finding no Eighth Amendment violation). Indeed, the exhibits Muhammad attached to his Response to the Court's January 15, 2016 Memorandum Order demonstrate that Muhammad continues to receive extensive monitoring and medical treatment for his health conditions. These records demonstrate that he has had surgery related to his Hepatitis C and a liver biopsy that revealed no cirrhosis. (*See, e.g.*, ECF No. 10-3, at 12 (explaining that addressing spinal stenosis was a priority over providing Hepatitis C treatment); ECF No. 10-4, at 1 (finding that he failed to meet criteria for Hepatitis C based on screening and findings from prior liver biopsy); ECF No. 10-5, at 1–2 (post-operative report after liver biopsy)).

Muhammad's prior cases establish that Muhammad continues to disagree with the manner in which medical professionals have chosen to treat his conditions, not that he is in imminent danger of serious physical injury from these chronic health conditions. To the contrary, Muhammad's Response cites potential and entirely speculative risks that *could* occur at some time in the future from his various medical conditions. Notably, many of these risks are identical to those he complained about beginning in 2001. (*See, e.g.*, Resp. 3 ("Muhammad is unequivocally 'under imminent danger of serious physical injury' and quite possibly death from liver, heart, vascular and sleep disease[s]"); *id.* at 4 ("Muhammad is under the real threat of early demise and/or other organ failures caused by untreated liver disease")). While Muhammad may experience serious complications from his chronic conditions at some point in the future, he fails to demonstrate, at this

juncture, any imminent danger. Thus, Muhammad fails to demonstrate that he is entitled to proceed *in forma pauperis* for this action in light of his strikes under the PLRA.

Lastly, upon review of Muhammad's *in forma pauperis* affidavit and attached prison account statement, Muhammad fails to demonstrate entitlement to proceed without the prepayment of fees. Muhammad receives regular Western Union transfers ranging between $180 and $570 a month, with an average monthly deposit of $247.50. Thus, in the brief period in which this action has been pending, Muhammad could have accumulated sufficient funds to pay the filing fee. Muhammad fails to explain adequately why he cannot pay the filing fee.

Accordingly, the Court will deny Muhammad's request to proceed *in forma pauperis* and will dismiss the action without prejudice. Such dismissal does not preclude Muhammad from refiling the action with the full $400.00 filing fee.

Muhammad's motion for appointment of counsel and expert witnesses (ECF No. 11) will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 18, 2016
Richmond, Virginia